UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROODMAIYER CANGER,

Petitioner,

v.

CAUSE NO. 3:26-CV-246-CCB-SJF

BRIAN ENGLISH,

Respondent.

## ORDER TO SHOW CAUSE

Immigration detainee Roodmaiyer Canger, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.) According to the petition, Canger is a native and citizen of Haiti who fled his country out of fear of persecution. He alleges he came to the United States on January 16, 2024, and applied for admission at a Texas port of entry. He says Customs and Border Patrol issued a Notice to Appear and released him on parole.

Canger says that he then moved to New Jersey, where he found employment and began a relationship. On November 20, 2024, he was arrested by local law enforcement following an argument with his partner. Local law enforcement held him for only a few hours, but he was turned over to the custody of Immigration and Customs Enforcement (ICE). He has been detained since then.

Canger alleges he has been held this whole time without a bond hearing. He was ordered removed to Haiti on July 30, 2025, and appealed to the Board of Immigration

Appeals, which dismissed his appeal on January 29, 2026. He currently has a petition for review pending before the Third Circuit Court of Appeals.

Canger argues he was improperly classified under 8 U.S.C. § 1225, rather than § 1226(a), and thus improperly denied the opportunity to seek a bond hearing. He also argues his supervised release was never revoked, so his detention is unlawful. Finally, he contends his prolonged detention without an opportunity for bond violates the Fifth Amendment's Due Process Clause. He seeks immediate release from custody on the prior release order or a prompt bond hearing before an immigration judge.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of the petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, Canger alleges that his detention without an opportunity for bond is unlawful. The court has jurisdiction to consider that issue.

Some issues regarding detention under the Immigration and Nationality Act have already been thoroughly examined in this court and in many other courts across the country. Specifically, this court has joined the overwhelming majority of courts in concluding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who were apprehended in the interior of the United States years after they entered. *See Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *see also De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026); *Singh v. English*, No.

2

3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). Notably, the Seventh Circuit concluded in deciding an application for a stay pending appeal that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

To the extent the respondents would raise the same arguments about subject matter jurisdiction and the applicability of § 1225(b)(2) already discussed in *Mejia Diaz*, *De Jesús Aguilar*, and *Singh*, there is no need to rehash these same arguments. The court will deem such arguments preserved for review without need to repeat them in briefing, and will likewise deem them addressed by the court's previous orders, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided, and those issues particular to this petitioner.

For these reasons, the court:

(1) **DIRECTS** the clerk to serve a copy of this order and the petition (ECF 1) to the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) **DIRECTS** the clerk to email a copy of this order and the petition (ECF 1) to the Indiana Department of Correction; the Warden of Miami Correctional Facility at Miami Correctional Facility; and the United States Attorney for the Northern District of Indiana;

(3) **ORDERS** the Warden, the IDOC, and the United States Attorney to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries; and

(4) **ORDERS** the respondents to file an answer to the petition by **May 8, 2026**, addressing petitioner's arguments that he is being illegally detained and providing relevant immigration records, including any administrative warrant issued for his arrest under 8 U.S.C. § 1226; and

(5) **GRANTS** the petitioner until **May 29, 2026**, to file a reply in support of his petition.

SO ORDERED on April 22, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT