UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROODMAIYER CANGER,

Petitioner,

v.                                                          CAUSE NO. 3:26-CV-246-CCB-SJF

BRIAN ENGLISH,

Respondent.

OPINION AND ORDER

Immigration detainee Roodmaiyer Canger, representing himself, filed a petition

for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in

violation of the laws or Constitution of the United States. The Warden answered the

petition, and Canger has replied. The petition is ready to be decided.

Canger is a citizen and native of Haiti, who applied for admission to the United

States on January 16, 2024, at the Hidalgo, Texas Port of Entry. ECF 7-1 at 14. He did not

have entry documents and so was served a Notice to Appear as an arriving alien and

charged with being removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for not being in

possession of a valid entry document. *Id.* at 9-12. A hearing was set for July 15, 2024,

and he was paroled into the United States. *Id.* at 9, 14.

On November 19, 2024, Canger was arrested by local police on charges of

aggravated assault, criminal mischief, and terroristic threats. ECF 7-1 at 14. The next

day, he was arrested by Immigration and Customs Enforcement (ICE) and placed in

immigration custody. *Id.* On July 30, 2025, an immigration judge ordered him removed

to Haiti. *Id.* at 5-8. Canger appealed to the Board of Immigration Appeals (BIA), which affirmed the removal order on January 29, 2026. *Id.* at 4. Canger filed a petition for review with the Third Circuit, which remains pending. *See Canger v. Attorney General*, No. 26-1344 (3rd Cir. docketed Feb. 17, 2026). Canger moved in the Third Circuit for a stay of removal. *See id.* at Dkt. Entry 3. The Third Circuit temporarily granted a stay until the motion could be considered, then on May 27, 2026, vacated the temporary stay and denied the motion for a stay of removal, concluding Canger had not shown a likelihood of success on the merits. *See id.* at Dkt. Entry 4, 20.

Canger filed this habeas petition in February 2026, shortly after he filed his petition for review in the Third Circuit, arguing his continued detention was unlawful because he was improperly classified under 8 U.S.C. § 1225, rather than § 1226(a), and thus improperly denied the opportunity to seek a bond hearing. He also argued his parole was never revoked, so his detention is unlawful. Finally, he contended his prolonged detention without an opportunity for bond violated the Fifth Amendment's Due Process Clause. He sought immediate release from custody on the prior release order or a prompt bond hearing before an immigration judge.

In answering the petition, the Warden asserts Canger is now subject to a final order of removal, and so the statutory basis for his present detention is 8 U.S.C. § 1231. The Warden argues Canger's detention is lawful because he is still in the 90-day "removal period," during which detention is mandatory. Canger replies that because he was granted a stay of removal by the Third Circuit, his detention is still governed by the pre-removal-order statutes, not § 1231.

2

Before turning to the merits, the court must address subject matter jurisdiction. The Warden argues that this court lacks subject matter jurisdiction over the petition. This court has thoroughly considered its jurisdiction to review immigration detention under 8 U.S.C. §§ 1225, 1226, and 1231. For the reasons previously stated, jurisdiction is secure. *See Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, 1-4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (regarding § 1231); *Liang v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at 1 (N.D. Ind. Mar. 26, 2026 (Leichty, J.) (regarding § 1231); *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.) (regarding § 1225 and § 1226); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219, at 2-5 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026) (regarding § 1225 and § 1226).

Turning to the merits, detention "pending a decision on whether the alien is to be removed from the United States" is governed by 8 U.S.C. § 1226 (though some noncitizens are instead subject to detention under 8 U.S.C. § 1225 while their removal proceeding are pending). However, authority for a noncitizen's detention switches to 8 U.S.C. § 1231 once he enters the 90-day removal period, designated to begin on the latest of:

> **(i)** The date the order of removal becomes administratively final.[1]
>
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

---

[1] An order of removal becomes administratively final on the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

8 U.S.C. § 1231(a)(1)(B). The Warden argues the removal period began for Canger on January 29, 2026, when the BIA affirmed the removal order. The Warden, though, doesn't address whether the beginning of the removal period is affected by Canger's pending petition for judicial review. Until recently, Canger had been granted a temporary stay of removal, suggesting the onset of his removal period might be delayed under § 1231(a)(1)(B)(ii) until the petition for review is decided.

However, now that the Third Circuit has vacated the temporary stay and denied Canger's stay motion, his detention falls under § 1231. Because the statutory basis for Canger's detention has switched to § 1231, his arguments about the circumstances of his detention under § 1225 are no longer relevant. A habeas petition looks at the present detention and does not look back to whether prior periods of detention were lawful. *See U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.") (quotation marks omitted).

Without a stay of removal, Canger's removal period began on January 29, 2026, when his removal order became administratively final after the BIA decided his appeal, and ended on April 29, 2026. Although the removal period has ended, the statute authorizes further detention for three groups of noncitizens: (1) those who are inadmissible under 8 U.S.C. § 1182, (2) those who are removable under 8 U.S.C.

4

§§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) for certain criminal convictions, or (3) those who have "been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). All other noncitizens who have not been removed in that 90-day period are to be released subject to supervision. 8 U.S.C. § 1231(a)(3). Because Canger was removed under § 1182, his continued detention is authorized.

For those noncitizens who are subject to continued detention under § 1231(a)(6), the statute seemingly authorizes indefinite detention if their removal cannot be carried out. But the Supreme Court read "an implicit limitation" into the statute, namely that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). In recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable, the Supreme Court adopted a "presumptively reasonable period of detention" of six months. *Id.* "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Canger's detention is still in the six-month presumptively reasonable period allowed for the execution of his removal order. The fact that the Supreme Court called this a "presumptively reasonable" period, suggests that the reasonableness may be

rebutted. However, even if the presumption may be rebutted, Canger's petition says nothing about the likelihood of removal. He has not shown good reason to believe his removal is not reasonably foreseeable, and therefore he has not shown he is entitled to release.

As a final matter, the court observes that "for detention to remain reasonable, as the period of prior postremoval [order] confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. While Canger may not be entitled to habeas relief now, it does not prevent him from seeking habeas relief at some later date if the government continues to detain him for a significant period of time and his removal is not reasonably foreseeable.

For these reasons, the court **DENIES** the petition (ECF 1) and **DIRECTS** the clerk to close this case.

SO ORDERED on July 2, 2026.

_/s/*Cristal C. Brisco*_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT